DECISION AND ORDER
This matter is before the Court pursuant to an order of our Supreme Court dated June 30, remanding the case so that this Court ". . . may reconsider the issuance of a preliminary injunction in light of . . ." the Supreme Court's advisory opinions issued on June 29, 1999 in In re: Advisory Opinionto the Governor (Rhode Island Ethics Commission — Separationof Powers) docketed in the Supreme Court as No. 97-572-M.P. and further pursuant to defendant Lottery Commission's motion to reconsider and vacate the preliminary injunction in light of the changed circumstances brought about by the issuance of the advisory opinions.
Without recounting all that has transpired to date in this case or in the advisory opinion matter before the Supreme Court, this Court simply notes that it rendered a bench decision on June 9 followed by a written order, to wit, a preliminary injunction on June 10. A stay of this court's action was sought from the Supreme Court and in lieu of staying or vacating this court's preliminary injunction the aforementioned remand order issued. That order subsequently was modified by an expanded order of the Supreme Court by reason of which this Court has ordered expedited discovery and further has set the case for hearing on the merits on August 18, 1999.
Turning now to the specific issues raised by the order of remand and the motion to vacate, the Governor correctly states that the majority of the justices of the Supreme Court declined in the advisory opinions to answer Questions 2 and/or 3 posed to them by the Governor. He also correctly notes that the majority at page 32 of their advisory opinion stated "We assure Your Excellency that our minds are open in respect to issues that might be raised pursuant to questions two and three propounded by Your Excellency." The Governor finds strong support for this Court's earlier determination of his reasonable likelihood of success on the merits in that language and in the majority's statement that in order to answer these questions there is need for fact intensive investigation of the nature, purpose, membership and operation of each board and/or commission claimed to be infringing upon the Governor's authority.
The Governor suggests, by reason of the remand, that basically that issue is the only proper area of inquiry presently before the Court.
The defendant and the defendant intervenors now including both branches of the General Assembly whose motions to intervene subsequent to the entry of the preliminary injunction were filed and allowed (together with a similar motion also allowed by reason of which the Attorney General has been permitted to intervene as a plaintiff,) urge this Court to vacate its June 10th order attacking each element found by this Court to exist as a precondition to the Courts exercise of its sound discretion to issue the preliminary injunction as described in the June 9th bench decision. In addition, various new issues such as "justicibility" and "de facto officer" arguments are raised by one or more of the defendants as grounds for vacating the preliminary relief heretofore ordered.
This Court believes that the matter as presently before this Court requires it to review the basis on which the preliminary injunction issued in light of the advisory opinions and arguably permits only that limited review.
In any event, this Court has read and reread the advisory opinions and inescapably has concluded based thereon that it should vacate its June 10th order. I do this not because I find that the Governor will not win ultimately (that question only will be resolved upon final adjudication based upon the fact intensive investigation of the nature, purpose, membership and perhaps most importantly operation of the Lottery Commission) but because I find that absent some clear indication with respect to the ultimate answer to Question 3, the playing field, from the plaintiffs' point of view, at best, is level and thus this Court can not find that the Governor has shown a reasonable likelihood of success.
While this Court recognizes that a basic difference exists between whether legislators can serve on public body(ies) within the executive branch, or state commissions, (Question 2) and does the Constitution prohibit legislators from constituting a majority of the membership of a public board or body? (Question 3), a strong argument can be made that though specifically not answered by the majority justices in the advisory opinion, inescapably Question 2 inferentially was answered or a strong signal was sent as to the answer by that statement in that opinion that we suggest that the sole and proper procedure for restricting legislators from serving on or appointing any other person to executive boards and commissions is through an amendment to the Constitution approved by the electorate . . ." (at 30)
I find no presage with respect to Question 3, but conclude even though the hearing on the merits is to begin on August 18, it would be intellectually and legally wrong to keep in force the existing preliminary injunction absent a demonstrated likelihood of success by the Governor.
Accordingly it hereby is ORDERED that the order of this Court dated June 10, 1999 be and the same hereby is vacated.
Entered as an order of this Court this 27th day of July, 1999.
ENTER: BY ORDER: _____________________ __________________ Michael A. Silverstein Clerk Associate Justice